UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CDK GLOBAL, LLC, as successor-in-interest to ADP DEALER SERVICES, INC.,**<br><br>   *Plaintiff*,<br><br>  v.<br><br>**MIDWEST TRUCK SALES, INC., d/b/a CARS 4 LESS,**<br><br>   *Defendant*. | **Civil Action No. 16-2575**<br><br>**ORDER** |

**ARLEO, UNITED STATES DISTRICT JUDGE**

  This matter comes before the Court by way of Plaintiff CDK Global, LLC's ("CDK") Motion for Default Judgment against Defendant Midwest Truck Sales, Inc. ("Midwest") pursuant to Federal Rule of Civil Procedure 55(b)(2), Dkt. No. 6;

  and it appearing that the Court must find that CDK properly served process on Midwest before it can enter default judgment, Teamsters Pension Fund of Phil. & Vicinity v. Am. Helper, Inc., No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (citing Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985));

  and it appearing that service on Midwest, a corporation, is governed by Fed. R. Civ. P. 4(h) and N.J. Ct. R. 4:4-4(a)(6);

  and it appearing that CDK asserts that Midwest was properly served because CDK served Midwest's attorney in Kansas, see Dkt. No. 6-1, Pl.'s Br. at 4; Dkt. No. 4, Executed Summons;

  and it appearing that CDK does not explain whether he meets any of the categories of people authorized to accept service of process on behalf of Midwest under the Federal Rules of

1

Civil Procedure or New Jersey Court Rules[1];

**IT IS**, on this 27th day of January, 2017,

**ORDERED** that Plaintiff's Motion for Default Judgment is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that, by **February 20, 2017**, Plaintiff shall provide (1) evidence of valid service on Defendant, or (2) a letter brief of no more than four single-spaced pages explaining why service on Defendant's attorney is valid.

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**

---

[1] For example, CDK does not assert that the attorney is a corporate officer or director, or an agent authorized to receive service of process.  See Local 617, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Hudson Bergen Trucking Co., 182 N.J. Super. 16, 18, 440 A.2d 18, 19 (App. Div. 1981) (service invalid where plaintiff served corporation's attorney in his out-of-state office because plaintiff did not prove "attorney was specially vested with authority to receive service of process") (internal citation omitted).  Nor is there any circumstantial evidence that the attorney could accept service or that Midwest ever received the summons and complaint. See Nyholm v. Pryce, 259 F.R.D. 101, 105 (D.N.J. 2009).  The Court cannot grant a default judgment until CDK clarifies this issue.

2