<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CDK GLOBAL, LLC**, as successor-in-interest to **ADP DEALER SERVICES, INC.**,<br><br>*Plaintiff*,<br><br>v.<br><br>**MIDWEST TRUCK SALES, INC.**, d/b/a **CARS 4 LESS**,<br><br>*Defendant*. | Civil Action No. 16-2575<br><br>OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court by way of Plaintiff CDK Global, LLC's ("CDK") Motion for Default Judgment against Defendant Midwest Truck Sales, Inc. ("Midwest") pursuant to Federal Rule of Civil Procedure 55(b)(1). Dkt. No. 6. For the reasons set forth herein, the motion is **GRANTED IN PART** and **DENIED IN PART**.

I. **BACKGROUND**

In this case, CDK claims that Midwest breached a contract between them by failing to pay for the services that CDK rendered.

CDK provides integrated computer operating systems for car and truck dealerships. Compl. ¶ 12, Dkt. No. 1. In early 2012, CDK and Midwest entered into a Master Services Agreement ("MSA") with accompanying schedules for various services, licenses, and equipment.[1]

---

[1] Midwest entered into the agreement with ADP Dealer Services, CDK's predecessor-in-interest. Compl. ¶¶ 10, 13. CDK is now the successor-in-interest to all of ADP Dealer Services' contracts, including the MSA with Midwest. Id. ¶ 11.

Id. ¶¶ 13-14.  The MSA commenced on March 12, 2012 and ran until the schedules had been completely terminated.  Id. ¶ 15.

The MSA contains provisions governing any defaults and liquidated damages.  Section 16.A states that, if Midwest "fail[s] to pay when due any sums of money due hereunder or pursuant to any of the Schedules hereof" or "default[s] in the performance of any of its other obligations under this Agreement or any of the Schedules," then CDK "may, upon written notice thereof, (A) terminate this Agreement and/or any or all of the Schedules hereto, [and] (B) declare all amounts due and to become due and/or all of the Schedules hereto immediately due and payable."  Id. ¶ 17.  If that happens, Section 16.B states that CDK can recover liquidated damages equal to the product of

> (i) the number of full monthly periods remaining after the date of termination until the then end of the applicable Schedule(s) of this Agreement, as applicable;
> (ii) the applicable monthly charges for the applicable Services, Software, Equipment, Support Services and Maintenance Services as of the effective time of any such termination; and
> (iii) .70 (representing a reduction factor which the parties have mutually determined to be fair and reasonable in light of the anticipated harm to be caused by the breach, the difficulties of proof of loss, and the unavailability of an adequate remedy.).

Id. ¶ 19.  The MSA also provides that Midwest is subject to a late charge of 1.5% per month (but in no event more than the highest interest rate allowed by law), on delinquent payments not paid within ten days after the applicable invoice.  Id. ¶ 22.  Finally, Midwest also agreed to reimburse CDK for any expenses, including reasonable attorney's fees.  Id. ¶ 17.

CSK has complied with all of its obligations under the MSA and schedules, but Midwest fell delinquent on outstanding invoices.  Id. ¶ 23.  On January 19, 2016, CDK sent a demand letter notifying Midwest of its breach, but Midwest refuses to make any payments.  Id. ¶¶ 24-25.  CDK claims that Midwest owes $116,903.29 pursuant to the MSA's default clause.

On May 6, 2016, CDK filed the instant lawsuit against Midwest, asserting claims for breach of the MSA and account stated.  See generally Compl.

## II.  STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008).   Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages.  See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011).  Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages.  See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default.  Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

## III.  ANALYSIS

### A.  Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Midwest.  Subject matter jurisdiction is present here based on diversity since CDK is a limited

3

liability company with members in Illinois and Delaware and a principal place of business in Illinois, Midwest is a Kansas corporation with its principal place of business in Kansas, and the amount in controversy exceeds $75,000.00. See Compl. ¶¶ 1-2, 4, 27, 29; see also 28 U.S.C. § 1332. Personal jurisdiction over Midwest is present here based on the MSA's consent-to-jurisdiction clause, which provides for jurisdiction and venue in this district. Compl. ¶ 5. CDK also provided the Court with proof of service on Midwest by serving its designated registered agent for service of process in Kansas. See Fed. R. Civ. P. 4(h) (permitting service of a corporation by "delivering a copy of the summons and complaint to . . . any other agent authorized by appointment or by law to receive service of process . . . ."); see also Letter dated Feb. 2, 2017 at 1 and Exs. A-C, Dkt. No 9. The Court is satisfied that it has jurisdiction to enter default judgment and that Midwest was properly served.

### B. Liability

"A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, 908 F.2d at 1149. The Complaint pleads facts which, taken as true, establish Defendant's liability for breach of contract.

The MSA is governed by New Jersey law. Compl. ¶ 7. In New Jersey, a plaintiff must allege three elements to state a cause of action for breach of contract: (1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach. Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012). Here, CDK has alleged that (1) there was a contractual relationship based on the MSA and accompanying schedules, (2) Midwest breached the MSA when it failed to pay for CDK's services rendered, and

(3) CDK suffered damages. CDK therefore has sufficiently alleged a cause of action for breach of contract.

### C. Appropriateness of Default Judgment

Next, the Court must consider (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Midwest does not have a meritorious defense. See Ramada, 2012 WL 924385, at *5. Second, the Court finds that CDK will suffer prejudice absent entry of default judgment as it would have no other means of obtaining relief. Finally, the Court finds that Midwest acted culpably as it has been served with the Complaint, is not an infant or otherwise incompetent, and is not presently engaged in military service. See Compl. ¶ 2; Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, 908 F.2d at 1149. CDK has not done so.

CDK seeks judgment in the amount of $116,903.29, plus interest. But CDK does not provide any evidentiary support for this figure. Its only proof is an unsubstantiated allegation in the Complaint that Midwest owes that much. See Pl.'s Br. at 8 (citing Complaint only), Dkt. No. 6-1. It has not provided invoices or other documentary evidence supporting the amount owed for the schedule payments and late fees or any explanation of the figures used to calculate liquidated

5

damages. As such, CDK has not yet provided sufficient evidence to justify the damages portion of its default motion. See Paniagua Grp., Inc. v. Hosp. Specialists, LLC, 183 F. Supp. 3d 591, 606 (D.N.J. 2016) (citing Mapssy Int'l, Inc. v. Hudson Valley Trading Inc., No. 08-3037, 2012 WL 4889229, at *6 (D.N.J. Oct. 11, 2012) (concluding that the plaintiff had asserted a specific damage amount based on a breach of contract but had "not submitted documentation to support" the damages claim and that the court would enter a damages judgment "[u]pon receipt of memoranda and proof of [the] [d]efendant's outstanding debts")).

### IV. CONCLUSION

For the reasons set forth above, CDK's motion for final judgment by default against Midwest is **GRANTED IN PART** and **DENIED IN PART**. CDK shall provide evidence in support of its damages claim no later than **Friday, March 17, 2017**.

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**